IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.         ) | Criminal No. 03-281 |
| ) | |
| MATEIAS CALIN,      ) | |
|   a/k/a Calin Mateias   ) | |

AFFIDAVIT IN SUPPORT OF REQUEST FOR EXTRADITION

I, Luke E. Dembosky, being duly sworn, depose and state:

1.  I am a citizen of the United States of America, residing in the greater Pittsburgh area of the State of Pennsylvania.

2.  From September 2002 until the present, I have been employed by the United States Department of Justice as an Assistant United States Attorney for the Western District of Pennsylvania. My duties are to prosecute persons charged with criminal violations of the laws of the United States. During my practice as an Assistant United States Attorney, I have become knowledgeable about the criminal laws and procedures of the United States.

3.  As an Assistant United States Attorney for the Western District of Pennsylvania, I am responsible for the preparation and prosecution of criminal cases. In the course of my duties I have become familiar with the charges and the evidence in the case of United States v. Mateias Calin, a/k/a Calin Mateias, pending in the United States District Court for the Western District of Pennsylvania.

4.  The United States Postal Inspection Service ("USPIS") is

responsible for investigating criminal conduct involving the use of the United States mails. In 1999, the USPIS began a criminal investigation regarding numerous shipments of computer equipment wholesaler Ingram Micro that had been ordered using the ordering passwords of Ingram Micro's retail company customers. The USPIS investigation determined that Calin Mateias ("Mateias"), using the Internet name of "Dr. Mengele," had compromised Ingram Micro's computer system without authorization, and caused the shipment of millions of dollars worth of computer equipment to be made to various accomplices in the United States. Mateias then directed the accomplices to reship the equipment to him in Romania. One of many groups of individuals around the United States used by Mateias to obtain reshipments of Ingram Micro computer equipment was based in Pittsburgh, Pennsylvania.

5. On December 3, 2003, a federal grand jury sitting in Pittsburgh issued a criminal indictment charging Mateias with conspiracy to commit mail fraud, in violation of Title 18, United States Code, Section 371, which is punishable by imprisonment of not more than 5 years, a fine, or both, and with 10 counts of mail fraud, in violation of Title 18, United States Code, Section 1341. Each count charged in the indictment is punishable by imprisonment for not more than 5 years, a fine, or both. An indictment is a formal accusation or charging document issued by a grand jury, which is part of the judicial branch of the United States

government.  After an indictment is issued, the court may issue a warrant for the arrest of the defendant, as in this case.

6.  It is the practice of the United States District Court for the Western District of Pennsylvania to retain the originals of all complaints, indictments, and arrest warrants.  Therefore, I have obtained a certified, true and accurate copy of the indictment described above from the Clerk of Courts and have attached it to this affidavit as Exhibit A.

7.  On December 3, 2003, United States Magistrate Judge Ila Jeanne Sensenich signed a warrant for the arrest of Mateias for the offenses charged in the indictment.  I have obtained a true and accurate copy of that arrest warrant from the Clerk of Courts, and attached it to this affidavit as Exhibit B.

8.  The statutes cited in the indictment and those applicable to this case are Title 18, United States Code, Sections 371 and 1341.  Each violation of these statutes is a felony under United States law.  Each of these statutes was the duly enacted law of the United States at the time that the offenses were committed and at the time the indictment was issued, and is now in effect.  Relevant portions of these statutes are attached as Exhibit C.

9.  The statute of limitations or time period in which these offenses must be prosecuted is addressed in Title 18, United States Code, Section 3282, which states:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for

3

> any offense, not capital, unless the indictment is found...within five years next after such offense shall have been committed.

Because the applicable statute of limitations is 5 years, the indictment dated December 4, 2003, which charges criminal violations beginning in April 1999 and continuing until September 28, 2000, was filed within the required time.

10. Calin Mateias is a citizen of Romania, born on November 11, 1979. He is described as a white male, approximately 5 feet, 10 inches tall, and weighing approximately 170 pounds. Mateias lives close to the city of Bucharest. I have attached as Exhibit D a photograph of Calin Mateias, which was taken in or around December 2003 by Romanian police in Bucharest, and provided to United States Customs officials by Virgil Spiridon of the Romanian National Police.

11. I have attached as Exhibit E the affidavit of USPIS Inspector Randy Venanzi, which further explains the evidence against Mateias and provides additional information on Mateias' identification. This affidavit was sworn before a United States Magistrate Judge legally authorized to administer an oath for this purpose. I have thoroughly reviewed this affidavit and the

4

attachments to them, and attest that this evidence indicates that Calin Mateias is guilty of the offenses charged in the indictment.

_____
Luke E. Dembosky
Assistant United States Attorney

Signed and sworn to before me this  15th  day of September, 2006, in Pittsburgh, Pennsylvania

_____
Honorable Francis X. Caiazza
United States Magistrate Judge